AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A mobile device further described as: One (1) LG Model L722DL (SN#: 007UTTD0501321; IMEI#: 355692104993212) | )<br>)<br>)  Case No. **20mr1596**<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| SEE ATTACHED AFFIDAVIT | SEE ATTACHED AFFIDAVIT |

The application is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brenton Hutson, Special Agent
*Printed name and title*

Sworn to before me by telephone or other reliable electronic means.

Date: October 30, 2020

*Judge's signature*

City and state: Albuquerque, New Mexico         Laura Fashing, USMJ
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE SEARCH OF

A cellular telephone further described as: One (1) LG Model L722DL (SN#: 007UTTD0501321; IMEI#: 355692104993212), further described in ATTACHMENT A

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Brenton Hutson, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this Affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device further described in ATTACHMENT A—which is currently in law enforcement's possession, and the extraction from that property of electronically stored information described in ATTACHMENT B.

2. I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since January 2020. I am a United States Marine Corps Veteran, to include one combat deployment, and am also a graduate of the University of Colorado, holding a Bachelor's Degree in Nonprofit Management and a Master's Degree in Public Administration. I previously worked in the field of human services for approximately seven years, managing programs designed to assist individuals struggling with homelessness, severe mental illness, and substance use disorders. I have also attended and graduated from the Federal Law Enforcement Training Center and the ATF National Academy.

3. I have training and experience investigating violations of federal law, including investigations involving the forensic examination of electronic devices and cellular telephones. As a result of my training and experience as an ATF Special Agent, I am familiar with the federal criminal laws and know that it is a violation of:

    a. Title 18, United States Code, Section 922(g)(1) for an individual convicted in any court of a felony to possess any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
    b. Title 18, United States Code, Section 924(c) for an individual during and in relation to any crime of violence or drug trafficking crime to possess a firearm in furtherance of any such crime.

1

c. Title 21, United States Code, Section 841(a)(1) for an individual to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, Methamphetamine.
d. Title 21, United States Code, Section 846 for two or more persons to conspire to violate or attempt to violate any substantive offense set forth in 21 U.S.C. §§ 801-904.
e. Title 18, United States Code, Section 1201 for anyone to unlawfully seize, confine, kidnap, abduct, or carries away and holds, for ransom or reward or otherwise, any person…using any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

4. I make this Affidavit in support of an application for a search warrant for authorization to search the SUBJECT DEVICE belonging to Christopher HULSEY for violations of Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm; Title 18, United States Code, Section 924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime or a Crime of Violence; Title 21, United States Code, Sections 841(a)(1)– Manufacturing, Distributing, Dispensing, or Possessing with Intent to Manufacture, Distribute, or Dispense Methamphetamine; Title 21, United States Code, Section 846 – Conspiring to Violate Any Substantive Offense Set Forth in 21 U.S.C. §§ 801-904; and Title 18, United States Code, Section 1201 - Kidnapping.

5. I am familiar with the information contained in this Affidavit based upon the investigation that I have conducted, on my conversations with other law enforcement officers or industry operations investigators who have engaged in various aspects of this investigation, and based upon my review of reports written by other law enforcement officers involved in this investigation. Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are relevant to determination of probable cause to support the issuance of the requested warrant. When the statements of others are set forth in this Affidavit, they are set forth in substance and in part.

6. Based on my training and experience and the facts set forth in this Affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm; Title 18, United States Code, Section 924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime or a Crime of Violence; Title 21, United States Code, Sections 841(a)(1)– Manufacturing, Distributing, Dispensing, or Possessing with Intent to Manufacture, Distribute, or Dispense Methamphetamine; Title 21, United States Code, Section 846 – Conspiring to Violate Any Substantive Offense Set Forth in 21 U.S.C. §§ 801-904; and Title 18, United States Code, Section 1201 – Kidnapping, have been committed by Christopher HULSEY and that additional evidence of these offenses will be obtained through a search of the SUBJECT DEVICE.

## IDENTIFICATION OF THE SUBJECT DEVICE TO BE EXAMINED

7. The property to be searched is a cellular telephone further described in ATTACHMENT A as: One (1) LG Model L722DL (SN#: 007UTTD0501321; IMEI#: 355692104993212), hereinafter

the SUBJECT DEVICE. The SUBJECT DEVICE is currently located in the ATF evidence vault as item #73, in the District of New Mexico. ATTACHMENT A is incorporated here by reference.

8. This warrant would authorize the forensic examination of the SUBJECT DEVICE for the purpose of identifying electronically stored data described in ATTACHMENT B.

## PROBABLE CAUSE

### Undercover Purchase of Methamphetamine and Firearm from Hulsey

9. In August of 2020, Special Agents (SAs) with ATF initiated an investigation into organized drug trafficking occurring at various Motel 6 locations within the city of Albuquerque. Christopher HULSEY was identified as a participant in the drug trafficking organization operating at those hotels by ATF agents.

10. On August 26th and August 28th, 2020, Christopher HULSEY (A.K.A. LIL C) was observed to be present in an apparent supportive capacity to keep watch and potentially deter aggression during two separate controlled purchases by an ATF CI of methamphetamine from an associate of HULSEY's. On September 2nd, 2020, HULSEY was a participant in the apparent kidnapping of T.F. During this event, a 22 caliber revolver and .40 Smith and Wesson were recovered. HULSEY later admitted possession to both of these firearms, as well as to participating in the kidnapping of T.F

11. On September 25, 2020, ATF SA G. Don Dorman, and CI 11994 purchased approximately 6.5 gross grams of methamphetamine and a firearm from HULSEY (A.K.A. LIL C) in room 108 of the Days Inn located on Central Avenue, just west of Interstate 25 in Albuquerque, New Mexico. This deal was arranged between HULSEY and CI 11994 via Facebook Messenger, an application which is commonly found on smartphone devices, such as the SUBJECT DEVICE. In these messages, HULSEY provided images of the firearm that was for sale.

12. When SA Dorman and the CI met with HULSEY, HULSEY was inside hotel room number 108 with an unidentified white male and an unidentified Hispanic female. HULSEY invited SA Dorman and the CI inside. HULSEY produced the agreed upon Smith & Wesson, M&P 9mm pistol bearing serial number HZC0382 which was loaded with five rounds of ammunition. SA Dorman examined the firearm and agreed to purchase the firearm for four hundred and fifty dollars ($450.00). SA Dorman provided HULSEY four hundred and fifty dollars ($450.00) in ATF funds for the firearm.

13. Prior to leaving the hotel room, HULSEY offered to sell SA Dorman a small baggie of methamphetamine for ninety dollars ($90.00). SA Dorman purchased the bag of methamphetamine using ATF funds. After the transaction, SA Dorman weighed the baggie on a digital scale and observed that the total gross weight was approximately 6.59 grams.

14. I have reviewed available court records for two New Mexico felony cases. The first, D-725-CR-2013-00074, indicates Christopher HULSEY was convicted on May 22, 2014 of the felony crime of *Possession of a Controlled Substance*. The second, D-725-CR-2016-00208, indicates

HULSEY was convicted on June 15, 2018 of the felony crime of *Possession of a Controlled Substance*. Therefore, HULSEY is prohibited from the possession of firearms under federal law.

## HULSEY's Arrest

15. On October 9, 2020 at approximately 4:45PM ATF SAs executed an arrest warrant (20-MJ-1735) on HULSEY for violations of Title 18, United States Code, Sections 922(g)(1) – Felon in Possession of a Firearm or Ammunition, and Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) – Distribution of Methamphetamine at the Good 2 Go corner store at 1535 Coors Blvd. NW, Albuquerque, NM, 87121. HULSEY was located after discussing meeting with CI 11994 via Facebook. SA Wozniak observed him to be on the SUBJECT DEVICE at roughly the same time CI 11994 was communicating with him about his location.

16. I conducted a search incident to arrest of a black satchel carried across HULSEY's back at the time of arrest. Inside of the satchel, I discovered and seized a round, red-screw top container containing three (3) pills bearing "30" and "M" markings of suspected Oxycodone.

17. SA Matt Wright conducted a search incident to arrest of HULSEY's person. In HULSEY's hand, SA Wright discovered and seized LG Model L722DL (SN#: 007UTTD0501321; IMEI#: 355692104993212) cellular telephone contained within a black "Body Glove" case – the SUBJECT DEVICE.

18. I processed the evidence collected from HULSEY and entered the property, including the SUBJECT DEVICE, into ATF evidence.

19. In a Mirandized, post arrest interview, HULSEY admitted to participating in the trafficking of methamphetamine for the drug trafficking organization operating out of Motel 6 locations throughout Albuquerque at various times over approximately the past six months. Additionally, HULSEY admitted to unlawfully possessing firearms, selling a firearm (to an ATF UC) which he had acquired by trading "shards" (which HULSEY clarified meant large chunks of methamphetamine), and participating in the kidnapping events of September 2, 2020 as well as acknowledging that he had struck the kidnapping victim. HULSEY also stated that he had been convicted of two felonies, and acknowledged that he knew he could not possess guns as a felon.

## EVIDENCE COMMONLY FOUND ON CELL PHONES AND COMPUTERS

### Evidence of Narcotics Trafficking Frequently Found on Phones

20. Based upon my training and experience, and that of other more experienced law enforcement officers, I know that drug dealers use cellular telephones as a tool or instrumentality in committing their criminal activity. They use them to maintain contact with their suppliers, distributors, and customers. They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs. Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily. The cellular

4

telephones are used to call, text, or otherwise communicate with suppliers and customers of illegal drugs. As a result, evidence of drug dealing can often be found in text messages, call logs, photographs, videos, and other stored data on the cellular phone.

21. I also know that it is common for drug traffickers to retain in their possession phones that they previously used, but have discontinued actively using, for their drug trafficking business. Based on my training and experience, the data maintained in a cellular telephone used by a drug dealer is evidence of a crime or crimes. This includes the following:

   a. The assigned number to the cellular telephone (known as the mobile directory number or MDN), and the identifying telephone serial number (Electronic Serial Number, or ESN), (Mobile Identification Number, or MIN), (International Mobile Subscriber Identity, or IMSI), or (International Mobile Equipment Identity, or IMEI) are important evidence because they reveal the service provider, allow us to obtain subscriber information, and uniquely identify the telephone. This information can be used to obtain toll records, to identify contacts by this telephone with other cellular telephones used by co-conspirators, to identify other telephones used by the same subscriber or purchased as part of a package, and to confirm if the telephone was contacted by a cooperating source.

   b. The stored list of recent received, missed, and sent calls is important evidence. It identifies telephones recently in contact with the telephone user. This is valuable information in a drug investigation because it will identify telephones used by other members of the organization, such as suppliers, distributors and customers, and it confirms the date and time of contacts. If the user is under surveillance, it identifies what number he called during or around the time of a drug transaction or surveilled meeting. Even if a contact involves a telephone user not part of the conspiracy, the information is helpful (and thus is evidence) because it leads to friends and associates of the user who can identify the user, help locate the user, and provide information about the user. Identifying a defendant's law-abiding friends is often just as useful as identifying his drug-trafficking associates.

   c. Stored text messages are important evidence, similar to stored numbers. Agents can identify both drug associates, and friends of the user who likely have helpful information about the user, his location, and his activities.

   d. Photographs on a cellular telephone are evidence because they help identify the user, either through his or her own picture, or through pictures of friends, family, and associates that can identify the user. Pictures also identify associates likely to be members of the drug trafficking organization. Some drug dealers photograph groups of associates, sometimes posing with weapons and showing identifiable gang signs. Also, digital photos often have embedded "geocode" or GPS information embedded in them. Geocode information is typically the longitude and latitude where the photo was taken. Showing where the photo was taken can have evidentiary value. This location information is helpful because, for example, it can

      show where coconspirators meet, where they travel, and where assets might be located.

e. Stored address records are important evidence because they show the user's close associates and family members, and they contain names and nicknames connected to phone numbers that can be used to identify suspects.

## TECHNICAL TERMS

22. Based on my training and experience, I use the following technical terms to convey the following meanings:

      a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the SUBJECT DEVICE.

23. Based on my knowledge, training, and experience, I know that cellular telephones, can store information referenced above for long periods of time. This information can sometimes be recovered with forensic tools.

24. *Forensic evidence.* As further described in ATTACHMENT B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT DEVICE was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICE because cellular telephones retain call logs, texts, and photographs in the memory of the cellular telephone. Similar to a computer or other digital device this information is retained in phone until it is written over.

25. *Manner of execution.* Because this warrant seeks only permission to examine two cellular telephones already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## DIGITAL DEVICES AS INSTRUMENTALITIES OF THE CRIMES

26. Based upon the evidence provided, it is reasonable to believe the SUBJECT DEVICE was utilized to further drug trafficking by communications between HULSEY and his employers, suppliers, and customers. Because of the manner in which the SUBJECT DEVICE was used in, it is reasonable to believe the SUBJECT DEVICE was used as an instrumentality of the crimes under investigation.

## SEARCH TECHNIQUES

27. Based on the foregoing, and consistent with Rule 41(e)(2)(B) of the Federal Rules of Criminal Procedure, the warrant I am applying for will permit imaging or otherwise copying all data contained on the SUBJECT DEVICE, and will specifically authorize a review of the media or information consistent with the warrant.

28. In accordance with the information in this affidavit, law enforcement personnel will execute the search of the SUBJECT DEVICE pursuant to this warrant as follows:

### Securing the Data

29. In order to examine the SUBJECT DEVICE in a forensically sound manner, law enforcement personnel with appropriate expertise will attempt to produce a complete forensic image, if possible and appropriate, of the SUBJECT DEVICE.[1]

30. Law enforcement will only create an image of data physically present on or within the SUBJECT DEVICE. Creating an image of the SUBJECT DEVICE will not result in access to any data physically located elsewhere. However, the SUBJECT DEVICE that have previously connected to devices at other locations may contain data from those other locations.

### Searching the Forensic Images

31. Searching the forensic images for the items described in Attachment B may require a range of data analysis techniques. In some cases, it is possible for agents and analysts to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. In other cases, however, such techniques may not yield the evidence described in the warrant, and law enforcement may need to conduct more extensive searches to locate evidence that falls within the scope of the warrant. The search techniques that will be used will be only those methodologies,

---

[1] The purpose of using specially trained computer forensic examiners to conduct the imaging of digital devices or other electronic storage media is to ensure the integrity of the evidence and to follow proper, forensically sound, scientific procedures. When the investigative agent is a trained computer forensic examiner, it is not always necessary to separate these duties. Computer forensic examiners often work closely with investigative personnel to assist investigators in their search for digital evidence. Computer forensic examiners are needed because they generally have technological expertise that investigative agents do not possess. Computer forensic examiners, however, often lack the factual and investigative expertise that an investigative agent may possess on any given case. Therefore, it is often important that computer forensic examiners and investigative personnel work closely together.

7

techniques and protocols as may reasonably be expected to find, identify, segregate and/or duplicate the items authorized to be seized pursuant to Attachment B to this affidavit.

## CONCLUSION

32. Based on the foregoing, I respectfully submit that probable cause exists to search the SUBJECT DEVICE described in ATTACHMENT A, for evidence, fruits, and instrumentalities of Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm; Title 18, United States Code, Section 924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime or a Crime of Violence; Title 21, United States Code, Sections 841(a)(1)– Manufacturing, Distributing, Dispensing, or Possessing with Intent to Manufacture, Distribute, or Dispense Methamphetamine; Title 21, United States Code, Section 846 – Conspiracy to Violate Any Substantive Offense Set Forth in 21 U.S.C. §§ 801-904 as described in ATTACHMENT B. Assistant United States Attorney Jaymie L. Roybal reviewed this search warrant and accompanying Affidavit.

Respectfully submitted,

Brenton Hutson, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me by telephone or other reliable electronic means.

On October 30, 2020

THE HONORABLE LAURA FASHING
United States Magistrate Judge

9

## ATTACHMENT A

### Property to Be Searched - the SUBJECT DEVICE

1.  SUBJECT DEVICE 1 – ATF Evidence Item #73: Recovered from the arrest of HULSEY; A cellular telephone further described as: One (1) LG Model L722DL (SN#: 007UTTD0501321; IMEI#: 355692104993212)

## ATTACHMENT B

### Evidence to Be Seized

1. All records on the SUBJECT DEVICE which constitute evidence, fruits, and instrumentalities of Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm; Title 18, United States Code, Section 924(c) – Possession of a Firearm in Furtherance of a Drug Trafficking Crime or a Crime of Violence; Title 21, United States Code, Sections 841(a)(1) – Manufacturing, Distributing, Dispensing, or Possessing with Intent to Manufacture, Distribute, or Dispense Methamphetamine; Title 21, United States Code, Section 846 – Conspiring to Violate Any Substantive Offense Set Forth in 21 U.S.C. §§ 801-904; and Title 18, United States Code, Section 1201 – Kidnapping, to include:

   a. Information related to any firearm used during the course of the crimes listed above, including the identities of who owned, possessed, and used the firearms during the course of the crimes;
   b. Any communication with or among co-conspirators, suppliers, or customers related to the crimes listed above;
   c. Any information relating to the planned distribution or planned use of the proceeds of the crimes listed above;
   d. Any subscriber information or contact information to include, names, addresses, telephone numbers, email addresses or other identifiers;
   e. Any call log information, including missed, incoming and outgoing calls and any information associated with those numbers;
   f. Any photographs, video and audio files related to the crimes listed above;
   g. Any text messages, email messages, chats, multimedia messages, installed applications or other electronic communications related to the crimes listed above;
   h. Any documents, spreadsheets, calendar, note, password, dictionary or database entries related to the crimes listed above;
   i. Any business records, to include ledgers, receipts, invoices, shipping documents, inventories, customer lists, bank account information, accounting or business software, customer communications, email communications, website or Social Media sites used for the business, and other business records and information reasonably related to the operation of an illicit business related to the crimes above.
   j. Any internet or browser entries or history;
   k. Any system data or configuration information contained within the SUBJECT DEVICE

2. Any other user or system files and data, contained on the SUBJECT DEVICE itself or an attached peripheral device such as a sim card or micro SD card, which would constitute evidence of violations described above.

3. Evidence of user attribution showing who used or owned the SUBJECT DEVICE at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history; As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including

any form of computer or electronic storage (such as flash memory or other media that can store data) any photographic or video format, and any content within smartphone applications such as WhatsApp, Snapchat, Marco Polo, Facebook and others that are stored on the SUBJECT DEVICE.